# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CATHY CARILLO,

    Plaintiff,

v.

DNC PARKS & RESORTS AT YOSEMITE, INC., et al.,

    Defendants.

Case No. 1:14-cv-00300-LJO-SMS

**ORDER GRANTING GOVERNMENT'S MOTION TO STAY AND VACATING THE INITIAL SCHEDULING CONFERENCE**

(Doc. 7)

On March 3, 2014, Plaintiff Cathy Carrillo filed a complaint alleging four causes of action against Defendants DNC Parks & Resorts at Yosemite, Inc., Delaware North Companies Parks & Resorts, Inc., Delaware North Companies, Inc., Yosemite Construction, Inc., Bradley Popp, and the United States of America. The complaint alleges that, in June 2012, Plaintiff contracted Sin Nombre Virus (SNV) and Hantavirus Cardiopulmonary Syndrome (HCPS) while staying in a Curry Village tent cabin during a visit to Yosemite National Park. Citing five existing lawsuits arising from the 2012 Hantavirus Outbreak at Yosemite and the expectation that additional cases will be filed, Defendant United States of America (the "Government") moves to stay proceedings in this case pending the outcome of a May 29, 2014 hearing before the Judicial Panel on

Multidistrict Litigation ("JPMDL") of the Government's motion to transfer all cases arising from the 2012 Hantavirus outbreak for coordinated pretrial proceedings in the Eastern District of California.  Defendants DNC Parks & Resorts at Yosemite, Inc., Delaware North Companies Parks & Resorts, Inc., and Delaware North Companies, Inc., have filed a statement of non-opposition.

A court has the inherent power to stay proceedings as an incident to its power to control the disposition of the cases on its docket.  *Smith v. Mail Boxes, Etc.,U.S.A., Inc.*, 191 F.Supp.2d 1155, 1157 (E.D.Cal.2002).  A district court's exercise of this power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")  Staying a case is appropriate when the Court determines that a stay would serve the interests of judicial economy and efficiency, and the parties will not be prejudiced.  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.), *cert. denied*, 444 U.S. 827 (1979).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  *Id.* at 863-64.

Granting a stay pending resolution of the Government's motion now calendared before the JPMDL promotes the policy interests of control, efficiency, and fairness.  The brief delay will promote judicial efficiency and economy, and avoid unnecessary costs and expenses.

Nothing in the record supports a conclusion that Plaintiff will be prejudiced by a temporary stay.  Plaintiff's arguments to that effect are not persuasive, particularly since the JPMDL hearing is calendared in less than two weeks, with resolution likely within a reasonable

time thereafter.

### Conclusion and Order

In accordance with the foregoing, the Court hereby ORDERS:

1. The proceedings in this matter are STAYED through July 31, 2014.

2. On or before August 1, 2014, the Government shall file a report regarding the status of the motion before the JPMDL sufficient to permit the Court to determine whether the stay of proceedings should be continued in this action or whether it should be lifted. Any other party may file a supplemental statement of its position, not to exceed five (5) pages, on or before August 5, 2014, at which time the Court shall take under submission the question of continuing or dissolving the stay.

3. The Government shall notify the Court within five (5) business days following the JPMDL's issuance of its order on the Government's pending motion.

4. The initial scheduling conference, now calendared for May 28, 2014, is vacated.

IT IS SO ORDERED.

Dated:   **May 19, 2014**            **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE